## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANET E. JONES** | * |
| **6455 Trotter Road** | |
| **Clarksville, Maryland 21029** | * |
| | |
| **Plaintiff,** | * |
| | |
| **v.** | * |
| | |
| **THE CBE GROUP, INC.** | * |
| **131 Tower Park Drive, Suite 100** | |
| **Waterloo, Iowa  50701** | *   **Civil No.:** |
| | |
| **Serve: CSC Lawyers Incorporating** | * |
| **Service Company** | |
| **7 St Paul Street, Suite 1660** | * |
| **Baltimore, Maryland 21202** | |
| | * |
| **and** | |
| | * |
| **MAYO FOUNDATION FOR MEDICAL** | |
| **EDUCATION AND RESEARCH, INC.** | * |
| **200 First Street SW** | |
| **Rochester, Minnesota  55905** | * |
| | |
| **Serve: Stephen P. Nelson** | * |
| **4500 San Pablo Road** | |
| **Suite 800** | * |
| **Jacksonville, Florida  32224** | |
| | * |
| | |
| **Defendants.** | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT AND DEMAND FOR OTHER RELIEF

## INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff,

Janet E. Jones, an individual consumer, against Defendant The CBE Group, Inc. for

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter

"FDCPA"), and the Maryland Consumer Debt Collection Act, Md. Code, Comm. Law §14-201 *et seq.*, and against Defendant Mayo Foundation for Medical Education and Research, Inc. for intentional infliction of emotional distress, as well as violations of Maryland Consumer Protection Act, Md. Code, Comm. Law §13-301 *et seq.* This action further seeks permanent injunctive relief against such Defendants.

## JURISDICTION

2.       Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction for state law claims exists pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is appropriate in this District as the Plaintiff resides within the territorial jurisdiction of this Court and the conduct complained of occurred within this District.

## PARTIES

3.       Plaintiff, Janet E. Jones ("Jones"), is a natural person residing in Howard County, Maryland.

4.       Defendant, CBE Group, Inc., ("CBE") is a an Iowa corporation engaged in the business of collecting debts in this state, with its principal place of business located at 131 Tower Park Drive, Suite 100, Waterloo, Iowa  50701.  The principal business of Defendant CBE is the collection of debts using the mail and telephone, and Defendant CBE regularly attempts to collect debts alleged to be due to another in the state of Maryland and elsewhere.

5.       Defendant, Mayo Foundation for Medical Education and Research, Inc. ("Mayo") is a Florida corporation engaged, upon information and belief, in the operation and management of hospitals, clinics and associated medical care services.

2

## FACTUAL ALLEGATIONS

6.      On or about June 14, 2008, Defendant Mayo initiated a telephone call to Jones' residence in Clarksville, Maryland for the express purpose of demanding payment for an alleged debt.

7.      Jones orally disputed the alleged debt in its entirety, informing the Mayo representative that she had never been to Mayo's facility.

8.      Despite request, Defendant Mayo refused to provide Jones with the alleged unpaid amount, the dates of alleged service, or the services alleged rendered.

9.      On or about July 5, 2008, Jones received a letter from Mayo dated July 1, 2008, informing Jones that she was required to provide Mayo with a police report alleging identity theft.  The July 1, 2008 letter from Mayo is attached hereto as **Exhibit A.**

10.     On or about August 1, 2008, Defendant Mayo again contacted Jones via telephone, advising Jones that her prior communication was "on file," and that she "needed to pay the debt."

11.     On or about August 14, 2008 Jones retained the undersigned counsel with regard to the Mayo allegations.

12.     On or about August 14, 2008 Jones' counsel telephoned Defendant Mayo and advised that he represented Jones with regard to the alleged indebtedness, and again advised Mayo that Jones disputed the indebtedness in its entirety.

13.     Mayo, through its employee Beth Viste ("Viste"), informed Jones' counsel that an individual named "Janet Jones" of 8214 Princeton Square Boulevard, No. 14,

Jacksonville, Florida, was treated in the emergency room of St. Luke's Hospital in Jacksonville, Florida on February 28, 2008, from which the alleged indebtedness arose.

14.     Jones and her counsel informed Viste that Jones was not in Jacksonville, Florida on February 28, 2008, did not now or ever reside at 8214 Princeton Square Boulevard, No. 14, Jacksonville, Florida, and was not otherwise treated by St. Luke's Hospital as alleged.

15.     On or about November 19, 2008, Mayo contacted Jones' counsel via telephone with regard to the previously disputed alleged indebtedness.

16.     On or about November 20, 2008, counsel and Jones contacted Ms. Wendie Watson ("Watson"), supervisor of the Mayo Patient Account Service Center, and again informed Mayo that Jones disputed the alleged debt, Jones was not treated as alleged, and was not even in Jacksonville, Florida on the date services were allegedly rendered.

17.     Watson conceded to Jones and counsel that a billing error on the part of Mayo was responsible for the confusion, that Jones would not be held responsible for any alleged indebtedness, and that Jones was not required to provide a police report alleging identity theft.

18.     On or about December 1, 2008, Jones' counsel received a letter from Watson dated November 21, 2008, in which Watson reversed her comments of the previous day and stated that Mayo required that Jones provide a police report "to demonstrate in good faith that she may have been a victim of identity theft." The letter further stated "if you are unwilling to file and provide us a police report, we will continue to pursue charges for services rendered." The letter is attached hereto as **Exhibit B**.

4

19.     On or about January 30, 2009, Defendant CBE contacted Jones via telephone at her residence in Clarksville, Maryland for the express purpose of demanding payment for the alleged debt to Mayo.

20.     Jones informed the CBE representative that she disputed the alleged indebtedness to Mayo for the reasons that she was not in Jacksonville, Florida on February 28, 2008, was not treated by Mayo or St. Luke's as alleged, and was not otherwise indebted as alleged.

21.     On or about February 6, 2008 Jones received a letter at her residence in Clarksville, Maryland from CBE dated February 3, 2009.   The letter stated, in part (emphasis in original):

> Dear JANET JONES:
>
>      We have not heard from you for some time on your past due account(s).
>
>      We would like to remind you of your payment options to pay this debt.
>
> \*          \*          \*
>
> **This is an attempt to collect a debt: any information obtained will be used for that purpose.  This communication is from a debt collector.**

A copy of the letter is attached hereto as **Exhibit C**.

22.     The alleged debt of Jones claimed in Exhibit C was alleged to have been incurred for personal, family or household services.

23.     As a result of the acts alleged herein, Jones became distressed, and suffered nausea, embarrassment, headaches, weight loss and other symptoms.

## COUNT I – CBE
### (Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §1692)

24.     Jones re-alleges and incorporates by reference Paragraphs 1-23 as if fully herein set forth.

25.     Defendant CBE violated the FDCPA.  CBE's violations include, but are not limited to, the following:

(a)     CBE violated 15 U.S.C. §1692c(a)(2) by contacting Jones directly rather than through counsel;

(b)     CBE violated 15 U.S.C. §1692e by falsely and deceptively indicating that Jones and CBE had previously communicated with regard to the alleged debt;

(c)     CBE violated 15 U.S.C. §1692f(1) by attempting to collect an amount it knew or reasonably should have known was not authorized or otherwise permitted by law;

(d)     CBE violated 15 U.S.C. §1692g(a)(3) by failing to send Jones a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector;

(e)     CBE violated 15 U.S.C. §1692g(a)(4) by failing to send Jones a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of the debt or a copy of a judgment against the consumer

and that a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(f)     CBE violated 15 U.S.C. §1692g(a)(5) by failing to send Jones a written notice containing a statement that, upon the consumer's request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.     As a result of the above violations of the FDCPA, CBE is liable to Jones for Jones' actual damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant CBE for the following:

A.  Actual damages;

B.  Statutory damages pursuant to 15 U.S.C. §1692k;

C.  Costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.  Such other and further relief as this Court may deem just.

### COUNT II – CBE
**(Violations of Maryland Consumer Debt Collection Act
Md. Code, Comm. Law §14-201 *et seq*.)**

27.     Jones re-alleges and incorporates by reference Paragraphs 1-26 as if fully herein set forth.

28.     CBE is a "collector" as defined under Md. Code, Comm. Law §14-201(b).

29.     The alleged debt of Jones claimed in Exhibit C was alleged to have been incurred for a "consumer transaction" as defined by Md. Code, Comm. Law §14-201(c).

30.     CBE repeatedly contacted Jones with the intent to harass and abuse Jones.

31.     CBE claimed and attempted to enforce a right with knowledge that the right does not exist.

32.     Jones suffered emotional distress and mental anguish as a result of CBE's contact.

33.     Jones is entitled to damages proximately caused by CBE's violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant CBE in the amount of $25,000, plus interest and costs of this action, and such other relief as the Court deem just.

### COUNT III – Mayo
### (Intentional Infliction of Emotional Distress)

34.     Jones re-alleges and incorporates by reference Paragraphs 1-33 as if fully herein set forth.

35.     At all times relevant hereto, Jones informed Mayo that she was not treated by any of its facilities in February 2008 or at any other time within the previous three years, that a billing error and/or identity error had occurred, and that Jones was not liable for the alleged indebtedness.

36.     Defendant Mayo knew or should have known as to the veracity of Jones' statement, yet continued to harass, annoy, embarrass and strong-arm Jones in an attempt to elicit payment from Jones.

37.     Defendant Mayo's continued and persistent calls and letters to Jones under the circumstances was extreme and outrageous, and beyond the bounds of decency in society.

38.     Defendant Mayo's conduct as herein described was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to Jones as a consequence of Mayo's actions.

39.     The conduct of Defendant Mayo was malicious, willful and intentional.

40.     As a result of the aforesaid conduct, Jones has suffered and will continue to suffer severe and extreme emotional distress, including nausea, embarrassment, headaches, weight loss and other symptoms.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant Mayo in the amount of $25,000, plus interest and costs of this action, and such other relief as the Court deem just.

## COUNT IV – Mayo
### (Violations of Maryland Consumer Protection Act
### Md. Code, Comm. Law §13-301 *et seq.*)

41.     Jones re-alleges and incorporates by reference Paragraphs 1-40 as if fully herein set forth.

42.     Mayo engaged in unfair and deceptive trade practices as that term is defined in Md. Code, Comm. Law §13-301 by, *inter alia*, repeatedly demanding payment from Jones for a debt it knew was not incurred by Jones, by continually harassing and abusing Jones, by informing Jones the alleged debt "needed to be paid", and by retaining an outside collection agency to harass and abuse Jones on its behalf.

43.     Jones suffered emotional distress and mental anguish as a result of Mayo's conduct.

44.     Mayo's actions constitute a violation of Md. Code, Comm. Law §13-303, which proscribe the use of unfair or deceptive trade practices in the collection of consumer debts.

45.     Jones is entitled to damages proximately caused by Mayo's aforesaid violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant Mayo in the amount of $25,000, plus interest, costs and reasonable attorney's fees, and such other relief as the Court deem just.

### COUNT V – CBE and Mayo
#### (Permanent Injunction)

46.     Jones re-alleges and incorporates by reference Paragraphs 1-45 as if fully herein set forth.

47.     The conduct of Defendants CBE and Mayo was and continues to be unfair, deceptive and unconscionable.

48.     An adequate remedy at law does not exist to restrain and proscribe Defendant CBE and Mayo's continued harassment, annoyance and embarrassment of Jones.

49.     Unless the Court restrains Defendants CBE and Mayo from continued harassment, annoyance and embarrassment of Jones, the herein-described conduct will continue, causing further mental and emotional anguish, distress and other irreparable damage to Jones.

WHEREFORE, Plaintiff respectfully requests that this Court grant a permanent injunction restraining and enjoining Defendants CBE and Mayo from contacting Plaintiff

with regard to the herein-described indebtedness, plus such other and further relief as the Court deem just.

Respectfully submitted,

William M. Huddles, MD Bar No.: 01184
Lucas F. Webster, MD Bar No.: 14425
Joseph L. Katz, MD Bar No.:  28029
**Huddles Jones Sorteberg & Dachille, P.C.**
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(410) 720-0072
(410) 720-0329 (fax)
Huddles@hjpc.com
Katz@hjpc.com

## DEMAND FOR JURY TRIAL

Please take note that Plaintiff Janet E. Jones respectfully requests a trial by jury in this action.

Respectfully submitted,

William M. Huddles, MD Bar No.: 01184
Lucas F. Webster, MD Bar No.: 14425
Joseph L. Katz, MD Bar No.:  28029
**Huddles Jones Sorteberg & Dachille, P.C.**
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(410) 720-0072
(410) 720-0329 (fax)
Huddles@hjpc.com
Katz@hjpc.com